PEOPLE ex rel. OAKLAWN CORPORATION, Relator, *v.* JAMES A. DONEGAN, Register of the County of New York, Respondent.

(Supreme Court, New York Special Term, July, 1918.)

Deeds — when    not    entitled    to be    recorded — conveyances — real property.

    A deed of conveyance duly acknowledged by but three of the four grantors is not entitled to be recorded.

APPLICATION for a writ of mandamus.

Harold Swain, for relator. ·

Wm. P. Burr, Corporation Counsel, for respondent.

GUY, J.    Application for mandamus directing the register of New York county to receive and record in his office as a deed of real property a certain deed executed by four persons of property situate in his county. The execution of the instrument was duly and sufficiently acknowledged by three of the four grantors, but the acknowledgment of the remaining grantor, Christine Hoguet, purports to have been taken by a notary public in Berkshire county, Mass., and there is no authentication of the authority of the notary to take the acknowledgment.    Section 291 of the Real Property Law provides that a conveyance of real property within the state, " on being duly acknowledged by the person executing the same, or proved as required by this chapter, and such acknowledgment or proof duly certified when required by this chapter," may be recorded.    The relator claims that as the deed was duly acknowledged by three of the grantors it was

the duty of the recording officer to record the instrument irrespective of the fact whether the other grantor, Christine Hoguet, made due acknowledgment of the conveyance or not. It seems to me, however, that the statute requires as a prerequisite to record due acknowledgment of the instrument by all the persons executing the same. Under the original statute (1 R. S. 756, § 4), " to entitle any conveyance hereafter made to be recorded by the county clerk, it shall be acknowledged by the party or parties executing the same," and there appears no reason why, under section 35 of the General Construction Law, the word " person " in the singular number does not include " persons." The instrument could not be properly recorded without recording the certificates thereon (Real Prop. Law, § 318), and the relator cannot be aggrieved on the theory that as a conveyance from the grantors whose execution is duly acknowledged the paper was refused record, for the officer is willing to record the instrument with the name and signature and acknowledgment of Christine Hoguet erased therefrom.

Motion denied, with ten dollars costs.